94 N.J. Super. 169 (1967)
227 A.2d 346
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYFIELD MILES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1967.
Decided March 10, 1967.
*170 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Carmen C. Rusignola argued the cause for appellant.
Mr. Robert A. Baime, Assistant County Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
*171 PER CURIAM.
In 1957 defendant, then aged 19, was indicted and pleaded non vult to a charge of sodomy committed upon a seven-year-old boy.
Defendant was committed to the Diagnostic Center at Menlo Park for examination and report as required by the Sex Offender's Act (N.J.S. 2A:164-3). Judge Giuliano sentenced defendant to be committed to the New Jersey State Hospital pursuant to the provisions of the act.
On December 29, 1964 defendant filed a petition for post-conviction relief pursuant to R.R. 3:10A. Judge Giuliano, who also conducted the hearing on this petition, concluded on the basis of the Supreme Court ruling in State v. Wingler, 25 N.J. 161 (1957), that since defendant was aged 19 at the time of the offense, he could not be properly sentenced as an adult aggressor in accordance with the provisions of the statute. However, the trial judge ruled that the commitment for specialized treatment was warranted under the provisions of N.J.S. 2A:164-5 because it appeared from the totality of the record, including the clinical findings contained in the report of the Diagnostic Center, that defendant's conduct was characterized by violence in addition to the statutory prerequisite of a pattern of repetitive, compulsive behavior. Judge Giuliano's opinion denying the application for post-conviction relief is reported in 87 N.J. Super. 571 (Law Div. 1965).
On this appeal defendant claims that the record does not support the trial court's finding that defendant's conduct was characterized by violence as specified by the statute.
It appears from the report of the Diagnostic Center itself that defendant's conduct, which consisted of a physical attack upon a seven-year-old boy against his will, was characterized by violence as that term is used in the statute. The trial judge was justified in so determining. Contrary to defendant's contention, there need not be a showing that the violence exerted by the defendant was of such a degree that it manifested itself in outrage or fury, resulted in pain or harm to the victim, or left a mark upon him.
*172 It was also proper for the trial court to consider the record in reviewing the information contained in the Diagnostic Center's report as to the details of the offense. See Wingler, supra.
The order denying the application for post-conviction relief is affirmed substantially for the reasons set forth in Judge Giuliano's opinion.
Affirmed.